

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

January 13, 2023

**BY ECF**
Hon. John G. Koeltl
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *Kunstler et al. v. Central Intelligence Agency et al.*, No. 22 Civ. 6913 (JGK)

Dear Judge Koeltl:

    Pursuant to Section II.B of the Court's Individual Practices, and the Court's order of December 8, 2022, ECF No. 21, I write respectfully on behalf of defendants the Central Intelligence Agency ("CIA") and Michael R. Pompeo, the former Director of the CIA ("Pompeo"), to advise the Court of their intent to move to dismiss the claims against them in the above-referenced lawsuit and to request that the Court hold a pre-motion hearing and set a briefing schedule.[1]

    Plaintiffs' lawsuit alleges that a private Spanish company named Undercover Global S.L. and its founder and former chief executive officer David Morales Guillen ("Morales," and together, the "Spanish defendants") improperly surveilled visitors of WikiLeaks founder Julian Assange (including Plaintiffs) while he was given temporary asylum at the Ecuadorean Embassy in London, U.K., in 2017-18, and provided the CIA with information and materials relating to these visitors. *See* Compl. ¶¶ 26-40.[2] The complaint asserts a single cause of action against all

---

[1] In its December 8 order, the Court *sua sponte* extended the deadlines for the CIA and Pompeo to respond to the complaint until January 13, 2023. ECF No. 21. In that order, the Court stated that the original deadlines for the CIA and Pompeo to respond to the complaint were November 9 and 18, 2022, respectively. Pursuant to Federal Rule of Civil Procedure 12(a)(2) and (a)(3), however, the original deadlines were December 19 and 27, 2022 (60 days after service of the complaint on each defendant).

[2] The CIA and Pompeo assume the allegations in the complaint are true for the limited purpose of filing the anticipated motion: to argue that those allegations, even if they were factually correct, are legally insufficient to sustain the claims against them. *See Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) ("Although allegations that are conclusory are not entitled to be assumed true, when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." (brackets, citation, and internal quotation marks omitted)). Nothing in this letter or the forthcoming motion papers should be considered an acknowledgement of, or indeed any comment on, the factual veracity of Plaintiffs' allegations.

defendants—that they allegedly violated Plaintiffs' Fourth Amendment constitutional right to be free from unreasonable searches and seizures, and are thus liable under the doctrine of *Bivens v. Six Unknown Named Agents*, 402 U.S. 388 (1971). *See id.* ¶ 51. The claims against the CIA and Pompeo must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), for the reasons explained herein and—in more detail—in the forthcoming motion to dismiss.

The CIA cannot itself be sued under the *Bivens* doctrine, as the doctrine applies exclusively to claims brought against federal employees in their individual capacities, and any such claims are otherwise barred by sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself.").[3]

Plaintiffs' claim against Pompeo in his individual capacity must be dismissed for a different reason: there is no *Bivens* remedy for the alleged wrongdoing. The Supreme Court has defined a narrow set of circumstances in which *Bivens* claims may be brought. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1858 (2017); *Egbert v. Boule*, 142 S. Ct. 1793, 1797 (2022). To determine whether a *Bivens* claim may be brought, courts must ascertain whether the proposed claim involves an "extension" of the doctrine into a "new context" that is "different in a meaningful way from previous *Bivens* cases," and if so, whether "special factors . . . counsel hesitation about granting the extension." *Ziglar*, 137 S. Ct. at 1857 (internal quotation marks omitted). Stated another way, courts must "ask whether there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy at all." *Id.* (internal quotation marks omitted). The Court has declined to recognize extensions of the doctrine to new contexts "in all but the most unusual circumstances, as Congress is generally better suited to weigh economic concerns, administrative costs, and the impact suits will have on governmental operations." *Egbert*, 142 S. Ct. at 1803.

While Plaintiffs' claims sound in the Fourth Amendment's protection against unreasonable searches and seizures—which may form the basis for a *Bivens* claim, *see id.* at 1802—there are at least two special factors that counsel against extending *Bivens* relief to the allegations in this case: they concern alleged intelligence-gathering and implicate national security, and alleged actions that took place outside the United States. Courts have found both of these factors (separately or together) to foreclose a *Bivens* remedy. *See id.* at 1804-05 ("Because

---

[3] Although the complaint does not specify the capacity in which Pompeo is named as a defendant, it must be in his individual capacity given that Pompeo was at the time of suit the former CIA Director. *See generally* Fed. R. Civ. P. 25(d). In any event, *Bivens* suits may be brought only against federal employees in their individual capacities. *See Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("[T]o the extent that [plaintiff's] claims constituted a *Bivens* action against [the agency] or the individual federal defendants in their official capacities, they were properly dismissed for want of subject matter jurisdiction"). Relatedly, we note that *Bivens* claims may not be brought against private individuals or entities, including those alleged to be operating under contract with, or otherwise in collaboration with, federal agencies. *See Minneci v. Pollard*, 565 U.S. 118 (2012) (no *Bivens* claim against employees of privately operated federal prison); *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61 (2001) (no *Bivens* claim against private corporation operating federal halfway house).

matters intimately related to foreign policy and national security are rarely proper subjects for judicial intervention, we reaffirm that a *Bivens* cause of action may not lie where, as here, national security is at issue." (citation, brackets, and internal quotation marks omitted)); *see also Meshal v. Higgenbotham*, 804 F.3d 417, 424-25 (D.C. Cir. 2015) ("To our knowledge, no court has previously extended *Bivens* to cases involving either the extraterritorial application of constitutional protections or in the national security domain, let alone a case implicating both—another signal that this context is a novel one." (footnotes omitted)).  Further, even if there could be a *Bivens* claim in such circumstances, the allegations in the complaint do not establish a violation of the Fourth Amendment.

       The CIA and Pompeo thus request that this Court hold a pre-motion conference to discuss their anticipated motion to dismiss—perhaps at the initial conference already scheduled for February 21, 2023, ECF No. 14—and set a briefing schedule for the motion.  We thank the Court for its consideration of this matter.

                         Respectfully,

                         DAMIAN WILLIAMS
                         United States Attorney

By:    s/Jean-David Barnea
           JEAN-DAVID BARNEA
           Assistant United States Attorney
           Telephone: (212) 637-2679
           Email: Jean-David.Barnea@usdoj.gov

cc: All parties (by ECF)