

January 18, 2023

**VIA ECF**
The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street, 14A
New York, NY 10007-1312

Re:   ***Kunstler, Hrbek, Goetz and Glass v. The Central Intelligence Agency, Pompeo, Morales and Undercover Global S.L.*, 22 Cv. 6913**

Dear Judge Koeltl:

We represent plaintiffs Kunstler, Hrbek, Goetz and Glass (collectively, "Plaintiffs") in the captioned matter. We write in connection of the pre-motion conference scheduled for January 20, 2023 and in response to defendants The Central Intelligence Agency ("CIA") and Michael Pompeo ("Pompeo") (collectively, "Defaulted Defendants") January 13, 2023 letter requesting such a conference.

The Defaulted Defendants' request to file a motion to dismiss is untimely and should be denied. In its December 8, 2022 Order, this Court clearly stated that "the deadlines to answer [for the Defaulted Defendants] were November 9, 2022, and November 18, 2022…." The Defaulted Defendants both missed these deadlines. Notwithstanding said default, the Court graciously and *sua sponte* extended both Defaulted Defendants' time to "answer" the Complaint to January 13, 2023 – some two months later. (Doc. 21). Aware of this new deadline, rather than submitting its pre-motion letter in advance of January 13, 2023, the Defaulted Defendants waited until the very day of January 13th to submit its "pre-motion" letter. Accordingly, because the Defaulted Defendants brazenly ignored this Court's clear mandate, they should be precluded from making a dispositive motion after such date.

In the event that this Court does not reject the request on timeliness grounds, Plaintiffs hereby respond to the erroneous assertions contained in Defaulted Defendants' letter. Of course, Plaintiffs also reserve their right to submit a substantive response in opposition to the Defaulted Defendants' motions should they be forthcoming.

The CIA is not being sued for money damages. As noted in the Complaint, Plaintiffs seek injunctive relief only against the CIA. (Doc. 1, ¶ 5 and p. 12-13). Specifically, Plaintiffs seek to enjoin the government from utilizing or revealing to any third party the content of materials seized from Plaintiffs in the course of their visits to Julian Assange while he was a political asylee in the Ecuadorian Embassy in London and requiring the government to purge all such materials from their files. Such relief is permissible under 5 U.S.C. 702. Since defendant

The Honorable John Koeltl
January 18, 2023
Page **2** of **2**

Pompeo is no longer Director of the CIA, he is being sued in his individual capacity only for money damages.

  The Defaulted Defendants argue that recent decisions of the United States Supreme Court, notably *Ziglar v. Abbasi*, 137 U.S. 1843 (2017), have essentially overturned *Bivens v. Six Unknown Named Agents*, 402 U.S. 388 (1971) even with respect to the type of Fourth Amendment claims raised here.  Notably, the government ignores the express language in *Ziglar*:

> This opinion is not intended to cast doubt on the continued force, or even the necessity of *Bivens* in the search and seizure context.

*Ziglar* at 1856-57. *See also Turner v. Dellapia*, 498 F.Supp.3d 500, 508-510 (S.D.N.Y. 2020) (denying motion to dismiss *Bivens* search and seizure claim after *Zigler*).  As will be demonstrated in this matter, Plaintiffs' search and seizure claims do not constitute an unwarranted extension of *Bivens*.  Like *Turner*, this Court will conclude, after applying the factors set forth in *Ziglar*, that the Defaulted Defendants motion to dismiss should be denied.

  Thank you.

              Respectfully submitted,

              Richard A. Roth, Esq.