**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x

MARGARET RATNER KUNSTLER, ET AL.,               22 – cv – 6913   (JGK)

                    Plaintiffs,               **MEMORANDUM OF LAW**

              -   against   -

CENTRAL INTELLIGENCE AGENCY, ET. AL.,

                  Defendants.
-----------------------------------------------------------------x

      Plaintiffs Margaret Ratner Kunstler, Deborah Hrbek, John Goetz and Charles Glass (collectively, "Plaintiffs"), submit this memorandum of law in support of their order to show cause for a default judgment against the defendant Undercover Global, S.L. ("Undercover Global") with respect Plaintiffs' claim for violation of Plaintiffs' Fourth Amendment rights.


**PRELIMINARY STATEMENT**

      Plaintiffs' Complaint against sets forth unlawful conduct by Undercover Global acting as an agent of the Central Intelligence Agency to seize private communications between Plaintiffs and Julian Assange at the Ecuadorian Embassy, and to unlawfully seize the Plaintiffs' electronic devices, laptops and phones, and copy them without Plaintiffs' knowledge or consent. Complaint, p. 1-2. Pursuant to this Court's order dated June 21, 2023, Plaintiff hereby moves by order to show cause for a default judgment against Undercover Global on the basis that Undercover Global is a corporate defendant that cannot proceed without counsel. ECF 39 at p. 2. No counsel for Undercover Global has appeared in this action.  *Id*.

      On June 29, 2023, Plaintiff submitted a Proposed Certificate of Default with supporting affidavit with respect to Undercover Global, and Plaintiffs have resubmitted the Proposed

Certificate of Default with supporting affidavit on July 12, 2023 because the Certificate has not yet been issued. Levenson Decl., ¶ 14. Plaintiffs request that the Court enter judgment for Plaintiffs against Undercover Global on their cause of action in the Complaint alleging that Undercover Global under color of federal authority violated Plaintiffs' Fourth Amendment Rights. ECF 1 (Complt., p. 12).

## FACTUAL AND PROCEDURAL BACKGROUND

### I.     Undercover Global S.L. Has Defaulted

Plaintiffs filed this action against defendants Central Intelligence Agency, Michael R. Pompeo, David Morales Guillen and Undercover Global S.L. on August 15, 2022. Levenson Decl. ¶ 3 (ECF 1). On November 29, 2022, defendant Undercover Global S.L. responded to the plaintiffs' complaint with a submission that appeared to be signed only by foreign counsel. Levenson Decl. ¶ 4 (ECF 20, 21 (December 8, 2022 Order)("it appears that Mr. Gacie Perez is licensed to practice law in Spain, and the Court cannot discern from the docket whether he is licensed to practice in the United States. Local Rule 1.3 provides that an attorney must be a member of good standing of a state or federal bar within the United States in order to be admitted to practice before this Court.")).

The Court directed Undercover Global S.L. to obtain local counsel and to ensure that such local counsel filed notice of appearance, and if necessary an application for admission pro hac vice on or before January 30, 2023.  Levenson Decl., ¶ 5 (ECF 21 (December 8, 2022 Order)). The Court set a February 10, 2023 deadline for Undercover Global S.L. to submit a letter indicating whether the November 29, 2022 submission was intended as an answer to the motion to dismiss.  Levenson Decl., ¶ 6 (ECF 21 (December 8, 2022 Order)).

The Court made clear that Undercover Global S.L., as a corporate entity, must appear by counsel. Levenson Decl., ¶ 7 (ECF 21 (December 8, 2022 Order)). The deadlines set in the December 8, 2022 Order passed without any of the above Court-ordered activity.   Levenson Decl., ¶ 8.

On February 21, 2023, the Court extended the time for Undercover Global S.L. to retain local counsel and file the necessary notice of appearance, in addition to any application for admission pro hac vice to March 21, 2023.  Levenson Decl., ¶ 9 (ECF 30 (Feb. 21, 2023 Order)). The time to file the letter regarding the intended purpose of the November 29, 2022 submission was extended to April 7, 2023. Levenson Decl. ¶ 10 (ECF 30 (Feb. 21, 2023 Order)). Consistent with the Feb. 21, 2023 Order, the plaintiffs timely served copies of both the December 2022 order and the February 2023 Order on the defendants. Levenson Decl. ¶ 11 (ECF 31).

The extended deadlines set in the Court's February 2023 Order have long since elapsed, and there has been no notice of appearance by local counsel for Undercover Global S.L., nor has Undercover Global S.L. filed the letter requested by the Court. Levenson Decl. ¶ 12 (ECF 39 at p. 2 (June 21, 2023 Order)). Under these circumstances, a default judgment against Undercover Global, S.L. is appropriate.

## II. Plaintiffs' Claim Against Undercover Global, S.L.

The Complaint alleges that each of the Plaintiffs visited WikiLeaks founder Julian Assange while he was living in political asylum at the Ecuadorian Embassy  in London. Complt., p. 1. Prior to each of Plaintiffs' visits, Plaintiffs were required to surrender their electronic devices, e.g. smartphones and laptops to Undercover Global. Complt., p. 1. Unbeknownst to Plaintiffs, Undercover Global copied the information stored on Plaintiffs' devices and provided

that information to defendant, Central Intelligence Agency ("CIA") then headed by defendant

Mike Pompeo. Complt., p. 1-2.

      The Complaint alleges that Pompeo, as head of the CIA, recruited Undercover Global to

engage in this conduct, and specifically target Assange's visitors. Complt., ¶ 26-32, p. 1. In order

to seize Assange's private communications with Plaintiffs, Undercover Global installed live

streaming and audio surveillance of Assange at the Ecuadorian Embassy, through written

English language instructions. Complt., ¶ 34-35.  Undercover Global implemented the

surveillance technology authorized by the CIA and Pompeo at the Ecuadorian Embassy

including hidden microphones inside the Embassy. Complt., ¶ 35. In addition, Undercover

Global at the direction of the CIA and Pompeo, seized and digitized the contents of Plaintiffs'

laptops, smartphones by downloading their contents without Plaintiffs' knowledge.  Complt., ¶

35.  Americans, including Plaintiffs, were specifically targeted by this plan between the CIA,

Pompeo, and Undercover Global. ¶ 35-36.

      As a result of Undercover Global's unlawful conduct, the CIA and Pompeo received the

content of Plaintiffs' devices, including the Plaintiff journalists' confidential sources and

Plaintiff attorneys' privileged communications with clients. Complt., ¶ 37-38. In addition, UC

Global as agents of the CIA, recorded conversations between Assange and Plaintiffs and

delivered these recordings to the CIA. Complt., ¶ 38.

      At all times, Undercover Global was acting as an agent of the CIA and Pompeo, and

Undercover Global's surveillance was orchestrated by Pomepo. Complt., ¶¶ 40-41. Undercover

Global's conduct violates Plaintiffs' constitutional rights to be free of unreasonable searches and

seizures and have caused Plaintiffs considerable emotional distress and anxiety primarily from

the uncertainty with what the CIA has already done, or will do, with the content and

communications unlawfully seized the Ecuadorian Embassy in London. Complt, ¶ 49. Plaintiff

seek compensatory and punitive damages. Complt., p. 12.

## LEGAL ARGUMENT

### I. The Standard for Awarding a Default Judgment

Fed. R. Civ. Pro. 55 sets forth a two-step procedure to be followed for the entry of

judgment against a party who fails to defend: the entry of a default, and the entry of a default

judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default,

simply "formalizes a judicial recognition that a defendant has, through its failure to defend the

action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645

F.3d 114, 128 (2d Cir. 2011). "The second step, entry of a default judgment, converts the

defendant's admission of liability into a final judgment that terminates the litigation and awards

the plaintiff any relief to which the court decides it is entitled." *Id*., 645 F.3d 114, 128.

Here, the first step will be completed imminently. Plaintiffs filed a Proposed Clerk's

Certificate of Default supported by an affidavit on June 29, 2023 that has not yet been processed.

Plaintiffs have resubmitted these documents in connection with this motion in the event the

documents were not processed by the Clerk's Office because the ECF Civil Event used to file the

documents (Affidavit, instead of Proposed Clerk's Certificate of Default). Levenson Decl., ¶ 14.

Entry of default judgment at the second step is proper where "the allegations against the

defaulting party are well-plead." *WowWee Grp. Ltd v. Meirly*, 2019 U.S. Dist. LEXIS 51905,

*12 (S.D.N.Y. Mar. 27, 2019). Once found to be in default, the defendant is deemed to have

admitted all of the well-pleaded factual allegations contained in the complaint. *S.E.C. v.

Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013). Even though the well-pleaded allegations are

deemed admitted, the Court has a "responsibility to ensure that the factual allegations, accepted

as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010). "The legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), *mod. Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), aided by the additional step of drawing inferences in the movant's favor." *WowWee Grp. Ltd v. Meirly*, 2019 U.S. Dist. LEXIS 51905, *13.

**II. Plaintiffs Have Established a Prima Facie Case of Liability Against Undercover Global**

Upon drawing all inferences in Plaintiffs' favor, the Complaint plausibly alleges a claim for relief under the Fourth Amendment of the Constitution.  The Complaint alleges that Undercover Global was recruited by the CIA and Mike Pompeo to specifically, and unlawfully and unconstitutionally, seize the communications and contents of electronic devices of Americans who visited Julian Assange at the Ecuadorian Embassy in London, and that all of Undercover Global's conduct in connection with this activity was orchestrated by Pompeo. Complt., ¶¶ 26, 35, 40, 44, 51.  The allegations in the Complaint are supported by the reporting of El Pais, Spain's newspaper of record.[1] Complt., ¶ 43.

The Fourth Amendment protects U.S. citizens from unreasonable searches conducted by the U.S. government. *Katz v. United States*, 389 U.S. 347, 351 (1967). The Fourth Amendment right to be free from unreasonable searches and seizures extends to United States governmental action abroad. *In re Terrorist Bombings, supra.*, 552 F.3d 157, 167 (2d Cir. 2008) citing *United States v. Toscanino*, 500 F.2d 267, 280-81 (2d Cir. 1974). Plaintiffs had a reasonable expectation of privacy with respect to their contents of their laptop would not be seized by the CIA while

---

[1] Kassam, Ashifa (25 March 2014). *"Media revolution in Spain as readers search for new voices"*. The Guardian.

they visited the Ecuadorian Embassy and that their private conversations with Assange at the Embassy were not being unconstitutionally recorded and delivered to the CIA. Complt., ¶ 47, p. 1. The conduct alleged in the Complaint is plainly a violation of the Fourth Amendment.

### A.      Injunctive Relief is Appropriate in this Action

"The law is well-settled that plaintiffs establish irreparable harm through 'the allegation of fourth amendment violations.'" *Stauber v. City of New York*, 2004 WL 1593870 (S.D.N.Y. 2004) (citing *Doe v. Bridgeport Police Dept.,* 198 F.R.D. 325, 335 (D.Conn.2001) (quoting *Brewer v. W. Irondequoit Cent. Sch. Dist.,* 212 F.3d 738, 744 (2d Cir.2000)); *see also Dodge v. County of Orange*, 282 F.Supp.2d 41, 72 (S.D.N.Y. 2003)("The alleged violation of a constitutional right suffices to show irreparable harm."). See also *Statharos v. New York City Taxi and Limousine Comm'n,* 198 F.3d 317, 322 (2d Cir.1999) ("[b]ecause plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary", (citing *Bery v. City of New York,* 97 F.3d 689, 694 (2d Cir.1996)); *Mitchell v. Cuomo,* 748 F.2d 804, 806 (2d Cir.1984) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary."); *see also Jolly v. Coughlin,* 76 F.3d 468, 482 (2d Cir.1996) ("The district court ... properly relied on the presumption of irreparable injury that flows from a violation of constitutional rights."); *Brewer v. West Irondequoit Central Sch. Dist.,* 212 F.3d 738, 744 (2d Cir.2000) (Fourth Amendment violations have constituted irreparable harm); *Guan v. Mayorkas*, 2021 WL 1210285 at *16 (E.D.N.Y. 2021)("the retention of the information itself constitutes an injury regardless of its effect on Plaintiffs.") Here, injunctive relief is appropriate because Plaintiffs have plausibly alleged violations of Fourth Amendment Rights. Complt., ¶¶ 26, 35, 40, 44, 51.

**B. Punitive Damages Are Appropriate In This Action**

Punitive damages may be imposed for violations of constitutional rights. Schwenk v. Kavanaugh, 4 F.Supp.2d 116, 117 (N.D.N.Y. 1998)(procurement of records in "violation of constitutional rights, warranting imposition of punitive damages"). Further, punitive damages may be awarded as part of a default judgment. *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 509 (2d Cir. 1991) (affirming default judgment awarding punitive damages).

Americans have a significant interest in protecting the confidentiality of their communications and contents of the phones. The public has a significant interest in deterring they type of conduct in which Undercover Global engaged in under color of law as agents of the CIA and Pompeo. It is important to not only protect the Plaintiffs in this case, but any American, that has done nothing wrong and who has not even been accused of any wrongdoing.  In this case, $1 million is an appropriate amount to deter to Undercover Global and any future agent of the CIA from engaging in the unconstitutional searches and seizures of American citizens.

## Conclusion

For the foregoing reasons, the Court should enter a default judgment against defendant Undercover Global S.L.

Dated: July 12, 2023
       New York, NY

THE ROTH LAW FIRM, PLLC


By:  _____
     Richard Roth, Esq.
     295 Madison Ave., Fl. 22
     New York, NY 10017

T: (212) 542-8882
rich@rrothlaw.com
*Attorneys for Plaintiffs*