UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARGARET RATNER KUNSTLER, ET AL.,                22 – cv – 6913   (JGK)

                       Plaintiffs,                    **DECLARATION OF**
                                                         **BRIAN LEVENSON**

   -   against   -

CENTRAL INTELLIGENCE AGENCY, ET. AL.,

                       Defendants.
------------------------------------------------------------------x

      **BRIAN LEVENSON**, declares, under penalties of perjury that the foregoing is true and correct:

      1.     I am the member of the Roth Law Firm, PLLC, counsel for Plaintiffs in this action.

      2.     I make this declaration pursuant to Rule 55.2 of the Civil Rules for the Southern District of New York, in support of Plaintiffs' application for the entry of default judgment against Undercover Global S.L. ("Defendant") and to explain why the entry of default is appropriate.

      3.     Plaintiffs filed this action against defendants Central Intelligence Agency, Michael R. Pompeo, David Morales Guillen and Undercover Global S.L. on August 15, 2022. ECF 1.

      4.     On November 29, 2022, defendant Undercover Global S.L. responded to the plaintiffs' complaint with a submission that appeared to be signed only by foreign counsel. ECF 20, 21 (December 8, 2022 Order) ("it appears that Mr. Gacie Perez is licensed to practice law in Spain, and the Court cannot discern from the docket whether he is licensed to practice in the United States. Local Rule 1.3 provides that an attorney must be a member of good standing of a

1

Case 1:22-cv-06913-JGK   Document 51-1   Filed 07/14/23   Page 2 of 3

state or federal bar within the United States in order to be admitted to practice before this Court.").

5. The Court directed Undercover Global S.L. to obtain local counsel and to ensure that such local counsel filed notice of appearance, and if necessary an application for admission pro hac vice on or before January 30, 2023.  ECF 21 (December 8, 2022 Order).

6. The Court set a February 10, 2023 deadline for Undercover Global S.L. to submit a letter indicating whether the November 29, 2022 submission was intended as an answer to the motion to dismiss.  ECF 21 (December 8, 2022 Order).

7. The Court made clear that Undercover Global S.L., as a corporate entity, must appear by counsel. ECF 21 (December 8, 2022 Order).

8. The deadlines set in the December 8, 2022 Order passed without any of the above Court-ordered activity.   ECF 30 (Feb. 21, 2023 Order).

9. On February 21, 2023, the Court extended the time for Undercover Global S.L. to retain local counsel and file the necessary notice of appearance, in addition to any application for admission pro hac vice to March 21, 2023.  ECF 30 (Feb. 21, 2023 Order).

10. The time to file the letter regarding the intended purpose of the November 29, 2022 submission was extended to April 7, 2023. ECF 30 (Feb. 21, 2023 Order).

11. Consistent with the Feb. 21, 2023 Order, the plaintiffs timely served copies of both the December 2022 order and the February 2023 Order on the defendants. ECF 31.

12. The extended deadlines set in the Court's February 2023 Order have long since elapsed, and there has been no notice of appearance by local counsel for Undercover Global S.L., nor has Undercover Global S.L. filed the letter requested by the Court. ECF 39 at p. 2 (June 21, 2023 Order).

2

13. Under these circumstances, a default judgment against Undercover Global, S.L. is appropriate.

14. A Clerk's Certificate of Default for Undercover Global, S.L. was issued on July 14, 2023 (ECF 50) and is annexed.

WHEREFORE, Plaintiffs request the entry of Default and the entry of the annexed Judgment against Defendant Undercover Global, S.L.

Dated: New York, New York
July 14, 2023

_____
Brian Levenson