**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x

MARGARET RATNER KUNSTLER, ET AL.,          22 – cv – 6913   (JGK)

                    Plaintiffs,          **DECLARATION OF**
                                                  **BRIAN LEVENSON**

    -   against   -

CENTRAL INTELLIGENCE AGENCY, ET. AL.,

                    Defendants.
--------------------------------------------------------------------x

       **BRIAN LEVENSON**, declares, under penalties of perjury that the foregoing is true and

correct:

       1.      I am counsel for Plaintiffs in this action.

       2.      I make this declaration pursuant to Rule 55.2 of the Civil Rules for the Southern

District of New York, in support of Plaintiffs' application for the entry of default judgment

against David Morales Guillen ("Defendant") and to explain why the entry of default is

appropriate.

       3.      Plaintiffs filed this action against defendants Central Intelligence Agency,

Michael R. Pompeo, David Morales Guillen and Undercover Global S.L. on August 15, 2022.

ECF 1.

       4.      On November 29, 2022, defendant Defendant David Morales Guillen. responded

to the plaintiffs' complaint with a submission that appeared to be signed only by foreign counsel.

ECF 20, 21 (December 8, 2022 Order) ("it appears that Mr. Gacie Perez is licensed to practice

law in Spain, and the Court cannot discern from the docket whether he is licensed to practice in

the United States. Local Rule 1.3 provides that an attorney must be a member of good standing

1

of a state or federal bar within the United States in order to be admitted to practice before this Court.").

5.      The Court directed David Morales Guillen to obtain local counsel and to ensure that such local counsel filed notice of appearance, and if necessary an application for admission pro hac vice on or before January 30, 2023.  ECF 21 (December 8, 2022 Order).

6.      The Court set a February 10, 2023 deadline for David Morales Guillen to submit a letter indicating whether the November 29, 2022 submission was intended as an answer to the motion to dismiss.  ECF 21 (December 8, 2022 Order).

7.      The deadlines set in the December 8, 2022 Order passed without any of the above Court-ordered activity.   ECF 30 (Feb. 21, 2023 Order).

8.      On February 21, 2023, the Court extended the time for David Morales Guillen to retain local counsel and file the necessary notice of appearance, in addition to any application for admission pro hac vice to March 21, 2023.  ECF 30 (Feb. 21, 2023 Order).[1]

9.      The time to file the letter regarding the intended purpose of the November 29, 2022 submission was extended to April 7, 2023. ECF 30 (Feb. 21, 2023 Order).

10.     Consistent with the Feb. 21, 2023 Order, the plaintiffs timely served copies of both the December 2022 order and the February 2023 Order on the defendants. ECF 31.

11.     The extended deadlines set in the Court's February 2023 Order have long since elapsed, and there has been no notice of appearance by local counsel for David Morales Guillen nor has he filed the letter requested by the Court. ECF 39 at p. 2 (June 21, 2023 Order). In

---

[1] As indicated in Plaintiff's counsel's letter to the Court dated July 21, 2023, Plaintiff's counsel timely served the Orders at Docket Numbers 21 and 30 on David Morales Guillen by Fedex, however, Fedex returned these mailings as undelivered. Dockt No. 58 at p. 2.

addition, David Morales Guillen failed to file a new answer or response to the Complaint by July 21, 2023 as provided in the June 21, 2023 Order. ECF 39 at p. 2.

12.     Under these circumstances, a default judgment against David Morales Guillen is appropriate.

13.     A Clerk's Certificate of Default for David Morales Guillen was issued on August 10, 2023 and is annexed.

WHEREFORE, Plaintiffs request the entry of Default and the entry of the annexed Judgment against Defendant David Morales Guillen

Dated:  New York, New York
        August 10, 2023

_____
Brian Levenson