UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARGARET RATNER KUNSTLER, ET AL.,    22 – cv – 6913   (JGK)

                Plaintiffs,    **MEMORANDUM OF LAW**

         -   against   -

CENTRAL INTELLIGENCE AGENCY, ET. AL.,

                Defendants.
------------------------------------------------------------------x

    Plaintiffs Margaret Ratner Kunstler, Deborah Hrbek, John Goetz and Charles Glass (collectively, "Plaintiffs"), submit this memorandum of law in support of their order to show cause for a default judgment against the defendant David Morales Guillen ("Defendant" or "Morales") with respect Plaintiffs' claim for violation of Plaintiffs' Fourth Amendment rights.

## PRELIMINARY STATEMENT

    Plaintiffs' Complaint against sets forth unlawful conduct by Morales acting as an agent of the Central Intelligence Agency to seize private communications between Plaintiffs and Julian Assange at the Ecuadorian Embassy, and to unlawfully seize the Plaintiffs' electronic devices, laptops and phones, and copy them without Plaintiffs' knowledge or consent.  Complaint, p. 1-2. Pursuant to this Court's order dated June 21, 2023, Plaintiff hereby moves by order to show cause for a default judgment against Morales on the basis that Morales has failed to file a letter indicating whether a November 29, 2022 submission was intended as an answer to the complaint or a motion to dismiss. ECF 39 at p. 2. No counsel for Morales has appeared in this action.  *Id*. Finally, Morales has failed to file a new answer or response to the Complaint by July 21, 2023 as ordered to do so. *Id.*

1

On June 29, 2023, Plaintiff submitted a Proposed Certificate of Default with supporting affidavit with respect to Morales, and Plaintiffs have resubmitted the Proposed Certificate of Default with supporting affidavit on July 12, 2023 because the Certificate has not yet been issued. Levenson Decl., ¶ 14. Plaintiffs request that the Court enter judgment for Plaintiffs against Morales on their cause of action in the Complaint alleging that Morales under color of federal authority violated Plaintiffs' Fourth Amendment Rights. ECF 1 (Complt., p. 12).

## FACTUAL AND PROCEDURAL BACKGROUND

**I.     Morales Has Defaulted**

Plaintiffs filed this action against defendants Central Intelligence Agency, Michael R. Pompeo, David Morales Guillen and Undercover Global S.L. on August 15, 2022. Levenson Decl. ¶ 3 (ECF 1). On November 29, 2022, defendant Morales responded to the plaintiffs' complaint with a submission that appeared to be signed only by foreign counsel. Levenson Decl. ¶ 4 (ECF 20, 21 (December 8, 2022 Order)("it appears that Mr. Gacie Perez is licensed to practice law in Spain, and the Court cannot discern from the docket whether he is licensed to practice in the United States. Local Rule 1.3 provides that an attorney must be a member of good standing of a state or federal bar within the United States in order to be admitted to practice before this Court.")).

The Court directed Morales to obtain local counsel and to ensure that such local counsel filed notice of appearance, and if necessary an application for admission pro hac vice on or before January 30, 2023.  Levenson Decl., ¶ 5 (ECF 21 (December 8, 2022 Order)). The Court set a February 10, 2023 deadline for Morales to submit a letter indicating whether the November 29, 2022 submission was intended as an answer to the motion to dismiss.  Levenson Decl., ¶ 6

(ECF 21 (December 8, 2022 Order)). The deadlines set in the December 8, 2022 Order passed without any of the above Court-ordered activity. Levenson Decl., ¶ 8.

On February 21, 2023, the Court extended the time for Morales to retain local counsel and file the necessary notice of appearance, in addition to any application for admission pro hac vice to March 21, 2023. Levenson Decl., ¶ 9 (ECF 30 (Feb. 21, 2023 Order)). The time to file the letter regarding the intended purpose of the November 29, 2022 submission was extended to April 7, 2023. Levenson Decl. ¶ 10 (ECF 30 (Feb. 21, 2023 Order)). Consistent with the Feb. 21, 2023 Order, the plaintiffs timely served copies of both the December 2022 order and the February 2023 Order on the defendants. Levenson Decl. ¶ 11 (ECF 31).

The extended deadlines set in the Court's February 2023 Order have long since elapsed, and there has been no notice of appearance by local counsel for Morales, nor has Morales filed the letter requested by the Court. Levenson Decl. ¶ 12 (ECF 39 at p. 2 (June 21, 2023 Order)). Under these circumstances, a default judgment against Morales is appropriate.

## II. Plaintiffs' Claim Against Morales

The Complaint alleges that each of the Plaintiffs visited WikiLeaks founder Julian Assange while he was living in political asylum at the Ecuadorian Embassy in London. Complt., p. 1. Prior to each of Plaintiffs' visits, Plaintiffs were required to surrender their electronic devices, e.g. smartphones and laptops to Morales. Complt., p. 1. Unbeknownst to Plaintiffs, Morales copied the information stored on Plaintiffs' devices and provided that information to defendant, Central Intelligence Agency ("CIA") then headed by defendant Mike Pompeo. Complt., p. 1-2.

The Complaint alleges that Pompeo, as head of the CIA, recruited Morales to engage in this conduct, and specifically target Assange's visitors. Complt., ¶ 26-32, p. 1. In order to seize

3

Assange's private communications with Plaintiffs, Morales installed live streaming and audio surveillance of Assange at the Ecuadorian Embassy, through written English language instructions. Complt., ¶ 34-35. Morales implemented the surveillance technology authorized by the CIA and Pompeo at the Ecuadorian Embassy including hidden microphones inside the Embassy. Complt., ¶ 35. In addition, Morales at the direction of the CIA and Pompeo, seized and digitized the contents of Plaintiffs' laptops, smartphones by downloading their contents without Plaintiffs' knowledge. Complt., ¶ 35. Americans, including Plaintiffs, were specifically targeted by this plan between the CIA, Pompeo, and Morales. ¶ 35-36.

As a result of Morales's unlawful conduct, the CIA and Pompeo received the content of Plaintiffs' devices, including the Plaintiff journalists' confidential sources and Plaintiff attorneys' privileged communications with clients. Complt., ¶ 37-38. In addition, Morales as agent of the CIA, recorded conversations between Assange and Plaintiffs and delivered these recordings to the CIA. Complt., ¶ 38.

At all times, Morales was acting as an agent of the CIA and Pompeo, and Morales's surveillance was orchestrated by Pomepo. Complt., ¶¶ 40-41. Morales's conduct violates Plaintiffs' constitutional rights to be free of unreasonable searches and seizures and have caused Plaintiffs considerable emotional distress and anxiety primarily from the uncertainty with what the CIA has already done, or will do, with the content and communications unlawfully seized the Ecuadorian Embassy in London. Complt, ¶ 49. Plaintiff seek compensatory and punitive damages. Complt., p. 12.

## LEGAL ARGUMENT

### I. The Standard for Awarding a Default Judgment

Fed. R. Civ. Pro. 55 sets forth a two-step procedure to be followed for the entry of

judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled." *Id.*, 645 F.3d 114, 128.

Here, the first step will be completed imminently. Plaintiffs filed a Proposed Clerk's Certificate of Default supported by an affidavit on June 29, 2023 that has not yet been processed. Plaintiffs have resubmitted these documents in connection with this motion in the event the documents were not processed by the Clerk's Office because the ECF Civil Event used to file the documents (Affidavit, instead of Proposed Clerk's Certificate of Default). Levenson Decl., ¶ 14.

Entry of default judgment at the second step is proper where "the allegations against the defaulting party are well-plead." *WowWee Grp. Ltd v. Meirly*, 2019 U.S. Dist. LEXIS 51905, *12 (S.D.N.Y. Mar. 27, 2019). Once found to be in default, the defendant is deemed to have admitted all of the well-pleaded factual allegations contained in the complaint. *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013). Even though the well-pleaded allegations are deemed admitted, the Court has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010). "The legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), *mod. Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), aided by the additional step of drawing

5

inferences in the movant's favor." *WowWee Grp. Ltd v. Meirly*, 2019 U.S. Dist. LEXIS 51905, *13.

**II. Plaintiffs Have Established a Prima Facie Case of Liability Against Morales**

Upon drawing all inferences in Plaintiffs' favor, the Complaint plausibly alleges a claim for relief under the Fourth Amendment of the Constitution. The Complaint alleges that Morales was recruited by the CIA and Mike Pompeo to specifically, and unlawfully and unconstitutionally, seize the communications and contents of electronic devices of Americans who visited Julian Assange at the Ecuadorian Embassy in London, and that all of Morales's conduct in connection with this activity was orchestrated by Pompeo. Complt., ¶¶ 26, 35, 40, 44, 51. The allegations in the Complaint are supported by the reporting of El Pais, Spain's newspaper of record.[1] Complt., ¶ 43.

The Fourth Amendment protects U.S. citizens from unreasonable searches conducted by the U.S. government. *Katz v. United States*, 389 U.S. 347, 351 (1967). The Fourth Amendment right to be free from unreasonable searches and seizures extends to United States governmental action abroad. *In re Terrorist Bombings, supra*., 552 F.3d 157, 167 (2d Cir. 2008) citing *United States v. Toscanino*, 500 F.2d 267, 280-81 (2d Cir. 1974). Plaintiffs had a reasonable expectation of privacy with respect to their contents of their laptop would not be seized by the CIA while they visited the Ecuadorian Embassy and that their private conversations with Assange at the Embassy were not being unconstitutionally recorded and delivered to the CIA. Complt., ¶ 47, p. 1. The conduct alleged in the Complaint is plainly a violation of the Fourth Amendment.

A.   **Injunctive Relief is Appropriate in this Action**

---

[1] Kassam, Ashifa (25 March 2014). *"Media revolution in Spain as readers search for new voices"*. The Guardian.

"The law is well-settled that plaintiffs establish irreparable harm through 'the allegation of fourth amendment violations.'" *Stauber v. City of New York*, 2004 WL 1593870 (S.D.N.Y. 2004) (citing *Doe v. Bridgeport Police Dept.,* 198 F.R.D. 325, 335 (D.Conn.2001) (quoting *Brewer v. W. Irondequoit Cent. Sch. Dist.,* 212 F.3d 738, 744 (2d Cir.2000)); *see also Dodge v. County of Orange*, 282 F.Supp.2d 41, 72 (S.D.N.Y. 2003)("The alleged violation of a constitutional right suffices to show irreparable harm."). See also *Statharos v. New York City Taxi and Limousine Comm'n,* 198 F.3d 317, 322 (2d Cir.1999) ("[b]ecause plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary", (citing *Bery v. City of New York,* 97 F.3d 689, 694 (2d Cir.1996)); *Mitchell v. Cuomo,* 748 F.2d 804, 806 (2d Cir.1984) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary."); *see also Jolly v. Coughlin,* 76 F.3d 468, 482 (2d Cir.1996) ("The district court ... properly relied on the presumption of irreparable injury that flows from a violation of constitutional rights."); *Brewer v. West Irondequoit Central Sch. Dist.,* 212 F.3d 738, 744 (2d Cir.2000) (Fourth Amendment violations have constituted irreparable harm); *Guan v. Mayorkas*, 2021 WL 1210285 at *16 (E.D.N.Y. 2021)("the retention of the information itself constitutes an injury regardless of its effect on Plaintiffs.") Here, injunctive relief is appropriate because Plaintiffs have plausibly alleged violations of Fourth Amendment Rights. Complt., ¶¶ 26, 35, 40, 44, 51.

### B. Punitive Damages Are Appropriate In This Action

Punitive damages may be imposed for violations of constitutional rights. Schwenk v. Kavanaugh, 4 F.Supp.2d 116, 117 (N.D.N.Y. 1998)(procurement of records in "violation of constitutional rights, warranting imposition of punitive damages"). Further, punitive damages

may be awarded as part of a default judgment. *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 509 (2d Cir. 1991) (affirming default judgment awarding punitive damages).

Americans have a significant interest in protecting the confidentiality of their communications and contents of the phones. The public has a significant interest in deterring they type of conduct in which Morales engaged in under color of law as agents of the CIA and Pompeo. It is important to not only protect the Plaintiffs in this case, but any American, that has done nothing wrong and who has not even been accused of any wrongdoing.  In this case, $1 million is an appropriate amount to deter to Morales and any future agent of the CIA from engaging in the unconstitutional searches and seizures of American citizens.

## Conclusion

For the foregoing reasons, the Court should enter a default judgment against defendant David Morales Guillen.

Dated:  August 10, 2023
        New York, NY

THE ROTH LAW FIRM, PLLC

By: _____
Richard Roth, Esq.
295 Madison Ave., Fl. 22
New York, NY 10017
T: (212) 542-8882
rich@rrothlaw.com
*Attorneys for Plaintiffs*

8