

September 26, 2023

<u>VIA ECF</u>
The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street, 14A
New York, NY 10007-1312

Re:   *Kunstler, Hrbek, Goetz and Glass v. The Central Intelligence Agency, Pompeo, Morales and Undercover Global S.L.*, 22 Cv. 6913 //
<u>Response to Defendants CIA and Pompeo's Notice of Recent Authority</u>

Dear Judge Koeltl:

We represent the Plaintiffs ("Kunstler plaintiffs") in this action alleging violations of their Fourth Amendment rights in connection with defendants Pompeo and CIA unlawfully tape recording their conversations and seizing their cell phones and laptops. FAC, pp. 1-2. We are writing in response to defendants Pompeo and CIA's notice of recent authority (Dkt. No. 59) which argues that the Kunstler plaintiffs lack standing to bring this action under the Ninth Circuit's holding in *Phillips v. U.S. Customs & Border Prot.*, 2023 WL 4673472 (9th Cir. 2023). *Phillips* does not support their motion to dismiss.

### *Phillips* Factual Background

In *Phillips*, an Immigration and Customs Enforcement agent leaked a PowerPoint presentation with "the names, photographs, date of birth, and citizenship status of 67 individuals" in a migrant caravan approaching the southern border. *Id*. at 989. Critically, this data was obtained from "open source information available to the public such as media reports and social media pages, as well as preexisting law enforcement databases, which were not publicly available." *Id*. The plaintiffs were three of the 67 individuals named in the PowerPoint document who were stopped at the U.S.-Mexico border when attempting to cross it. *Id*. at 989-990. The Plaintiffs sued U.S. government agencies for expungement of the records *created by* the federal agencies. *Id*. at 988. The district court granted the government's motion for summary judgment on the basis that the plaintiffs lacked standing to seek expungement. *Id*. at 988. The Ninth Circuit affirmed. *Id*. at 991.

### *Phillips* is Distinguishable

*Phillips* is not relevant to the instant action because unlike the Kunstler plaintiffs who expressly alleged they are American citizens whose electronic devices and private conversations were unlawfully seized by the CIA and Pompeo (FAC, ¶ 1-3), the plaintiffs in *Phillips* were migrants who did not allege any seizure of documents or information by the U.S. government. Instead, the plaintiffs in *Phillips* sought expungement of personal information from a database

that government agencies gathered on their own, and did not seize. *Phillips* at 990. The Ninth Circuit held the plaintiffs in *Phillips* lacked standing to seek expungement of the government's records but noted its decision was cabined because the plaintiffs claimed that they had standing "without any consideration of the underlying constitutional violation." *Id*. at n. 4.

In contrast, the Kunstler plaintiffs expressly argue their constitutional rights were violated when Pompeo and the CIA unlawfully seized their personal devices and secretly tape recorded their private conversations, and that the nature of these underlying constitutional violations by Pompeo and the CIA are relevant to whether they have standing. Pl. Opp., Dkt. No. 38 at 3-6. *Phillips* itself recognizes the Kunstler plaintiffs' allegations are sufficient for standing stating, "[in] many other cases we held that the plaintiffs had standing to challenge the retention of illegally obtained records *because* the retention amounted to an invasion of their privacy interests." *Id*. at 992 (emphasis added). The Ninth Circuit added that standing exists where the retention of records is combined with material risk of future harm including "reputation harms, disclosure of private information, and intrusion upon seclusion or those recognized by the Constitution itself." *Id*. at 992. Here, the First Amended Complaint plainly asserts material risk of each of these future harms. FAC, ¶¶ 49-51, 58.

Finally, notwithstanding the Ninth Circuit's decision in *Phillips*, courts in the Second Circuit have held that "retention alone" is sufficient to confer standing. Pl. Opp., Dkt. No. 38 at 3-6 citing *American Civil Liberties Union v. Clapper*, 785 F.3d 787, 800-801 (2d Cir. 2015)("[plaintiffs] surely have standing to allege injury from the collection, and maintenance in a government database, of records relating to them."). The CIA and Pompeo's attempt to equate the Fourth Amendment claims of the Kunstler plaintiffs, known U.S. citizens who they secretly tape recorded and whose personal devices they unlawfully seized, with the claims of migrants seeking expungement of information independently created by the government from a database, must be rejected. Plaintiffs plainly have standing to bring this lawsuit for the CIA and Pompeo's violations of their Fourth Amendment rights.

We thank the Court for its attention to this matter.

Respectfully submitted,

Brian Levenson, Esq.