

November 30, 2023

**VIA ECF**
The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street, 14A
New York, NY 10007-1312

Re:   *Margaret Ratner Kunstler, et. al.  v. Central Intelligence Agency, et. al.*, 22 Cv. 6913 //
<u>Letter Amendment to Add New Paragraph 36A to the First Amended Complaint</u>

Dear Judge Koeltl:

    We represent Plaintiffs in the above-captioned action.  We are writing pursuant to the Court's instruction at the November 16, 2023 oral argument on Defendants' motion to dismiss to file a letter amending the allegations in the First Amended Complaint to efficiently resolve a primary argument raised by Central Intelligence Agency and Mike Pompeo (collectively, "Defendants") in their motion to dismiss.

    By way of background, in Defendants' briefing, Defendants argued that their motion to dismiss should be granted because Plaintiffs' First Amended Complaint did not allege that Defendants did not have a warrant. Dkt. No. 35 (Def. Br. at 20-22). At the November 16, 2023 oral argument, Defendants conceded *twice* that pleading the absence of a warrant would overcome this argument stating:

> Well again, if [Plaintiffs] said something along the lines of we are not aware of any search warrant, and in any event, the search that was conducted was not reasonable, and in our view, that would cure the pleading defect that we identified and would allow that particular claim to survive.

Exh. 1, Nov. 16, 2023 Oral Arg. Tr., 22:7-11. Defendants repeated the same position moments later stating:

> in our view, an allegation that [Plaintiffs] are not aware of any search warrant being obtained, they are not aware of – and in their view, the search was unreasonable, either because of an absence of a search warrant or for other circumstances, that may well cure the particular pleading [de]ficiency that we identified in our brief. . . it would be relatively easy to overcome that particular argument . . .

*Id*. at 23:4-12.

In response, the Court stated that it "can accept a letter which amends the allegations in the complaint . . . and decide the entire motion without Plaintiffs having to move for leave to file an amended complaint . . ." Id. at 30:3:7.  Pursuant to the Court's instruction, Plaintiffs hereby amend the First Amended Complaint by adding the following as a new paragraph 36A:

> **36A**.   Upon information and belief, Defendants' search and seizure of the contents of Plaintiffs' electronic devices was conducted without a warrant. Plaintiffs are not aware of any warrant to search and seize the contents of their electronic devices, and regardless, the search and seizure of the contents of Plaintiffs' electronic devices conducted by Defendants was unreasonable under any circumstances. The Plaintiffs had not committed and were not planning to commit any crime and at no time posed any threat to national security.  Upon information and belief, the only reason that Defendants searched and seized the contents of Plaintiffs' electronic devices, including potentially compromising personal photos, emails, texts, and GPS data, was the Defendants' personal animosity towards Assange extended to any American who simply visited him at the Embassy, including doctors, lawyers, and journalists, including Plaintiffs.

We thank the Court for its permission to file this letter amendment to the First Amended Complaint to add the foregoing new paragraph 36A.

Respectfully submitted,

Richard A. Roth, Esq.