

January 17, 2024

**VIA ECF**
The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street, 14A
New York, NY 10007-1312

  Re: *Kunstler, Hrbek, Goetz and Glass v. The Central Intelligence Agency, Pompeo, Morales and Undercover Global S.L.*, **22 Cv. 6913**

Dear Judge Koeltl:

  We represent plaintiffs Kunstler, Hrbek, Goetz and Glass (collectively, "Plaintiffs") in the captioned matter. We write to oppose the CIA's request for a **four-month adjournment** to answer the complaint and submit a Rule 26(f) report in this matter. Dkt. No. 78. The CIA claims a four-month adjournment is necessary so that the CIA Director can decide whether to "assert the State Secrets Privilege with respect to the matters in the litigation that remain after the Court's decision on the motion to dismiss." Dkt. No. 78 (CIA letter dated Jan. 12, 2024). The Court should reject the CIA's request for a four-month adjournment because the CIA has known since this lawsuit was filed in August 2022 that it needed to decide whether to assert the State Secrets Privilege and the Court's decision on the motion to dismiss did not add anything that would influence this decision, nor does the CIA explain how it did. The CIA's request for a four-month adjournment of its time to answer the complaint and commence discovery is only the latest in a pattern of delay and defaults throughout this 18-month-old litigation. The CIA's gamesmanship has now culminated in "heads I win, tails you lose" proposal that must be denied. Any other decision would reduce this action, the motion practice, the oral argument, and this Court's decision, to nothing more than theater.

### The CIA Continues to Default and Delay

  Plaintiffs commenced this action alleging violations by the CIA of their Fourth Amendment rights by filing the Complaint on August 15, 2022. Dkt. No. 1. The Complaint alleged *in detail* a campaign by the CIA to surveil Julian Assange's visitors at the Ecuadorian Embassy in London by downloading the contents of their electronic devices without a warrant. Dkt. No. 1. Thus, the CIA was on notice of the claims in this action, the facts upon which they are based, and knowledge that it needed to decide whether to assert the State Secrets Privilege since August, 2022.

  The Court issued an order holding that the CIA was served, and that the CIA's time to answer or otherwise respond to the Complaint was November 18, 2022. Dkt. No. 21. However, the CIA did not answer or respond. *Id*. This was the CIA's first default.

Despite the CIA's default, on December 8, 2022, the Court extended the CIA's time to answer to January 13, 2023. *Id*. Yet again, on January 13, 2023, the CIA did not answer the Complaint and defaulted. This was the second default.

Instead, on the day its answer was due, the CIA submitted a pre-motion letter advising the Court that it intended to move to dismiss the Complaint. Dkt. No. 23. In the letter, the CIA enumerated each of the basis upon which it (and, at the time, the other defendant Michael Pompeo) should be dismissed from the litigation. However, that letter fails to address, or even mention, the potential assertion of the State Secrets Privilege that the CIA now raises in its letter of January 12. 2024.

On January 18, 2023, Plaintiffs opposed the pre-motion letter by advising the Court that the CIA had defaulted twice. Dkt. No. 25. The Court permitted the CIA to move to dismiss the Complaint and gave the CIA a February 17, 2023 deadline to make its motion. The day before the CIA's motion to dismiss was ordered to be filed, the CIA submitted a letter to the Court and requested a 30-day extension to make the motion. Dkt. No. 28. The Court again granted the CIA's request. Dkt. No. 29.

On March 20, 2023, the CIA filed an omnibus motion that listed each and every reason it believed the matter should be dismissed against it. Dkt. No. 34-35. On June 6, 2023, Plaintiffs opposed the motion to dismiss (Dkt. No. 38) and on June 29, 2023 the CIA filed its reply papers. Dkt. No. 42. At no time did the CIA raise even the possibility that the State Secrets Privilege applied in any of its motion papers.

At oral argument, on November 16, 2023, counsel for the CIA vociferously argued each of the reasons that the matter should be dismissed. Not once, during that argument, did it raise the state secret privilege. On December 19, 2023, the Court denied the CIA's motion to dismiss. Dkt. No. 77. The CIA's Answer was due on January 3, 2024. F.R.C.P. 12(a)(4)(A). For the third time, the CIA did not file an Answer and ***defaulted for the third time***.

Now, the CIA seeks to further delay this action by an additional four months so that it may consider whether to assert the State Secrets Privilege. Respectfully, the CIA has had 18 months to consider whether to assert this privilege dating back to when this case was filed in August 2022. The CIA's delays must end, and its request should be denied.

Thank you.

Respectfully submitted,

Richard A. Roth, Esq.