**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 8, 2024

**BY ECF**
Hon. John G. Koeltl
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

**APPLICATION GRANTED**
**SO ORDERED**

/s/ John G. Koeltl
John G. Koeltl, U.S.D.J.
2/9/24

Re:   *Kunstler et al. v. Central Intelligence Agency et al.*, No. 22 Civ. 6913 (JGK)

Dear Judge Koeltl:

I write respectfully on behalf of the Government to seek a further extension of the current deadlines to respond to the complaint and for the parties to submit a report pursuant to Federal Rule of Civil Procedure 26(f), ECF No. 80. After careful consideration and review of the remaining claim in this case, the Central Intelligence Agency ("CIA") has concluded that answering the complaint—by confirming, denying, or stating that it is without information regarding the allegations in this case—could itself serve to reveal classified information. The CIA therefore intends to assert the State Secrets Privilege and to seek approval of the defense of that privilege assertion in this litigation.

The Government previously requested a four-month extension to accommodate the process of the requests and approvals necessary for such assertion and defense, and the Court granted only a shorter extension. ECF No. 80. The CIA is now in the midst of the process of formally requesting and obtaining the necessary approvals to make and defend a State Secrets assertion. This process is time-consuming, as it requires many levels of review and consideration within the CIA, the Office of the Director of National Intelligence ("ODNI"), and the Department of Justice, as summarized in two memoranda from the Attorney General.[1] While the CIA has been diligently pursuing this matter, it is far from complete. Accordingly, the Government respectfully requests that the Court afford it additional time to complete this process, and asks that the deadlines for responding to the complaint and for the parties in this case to file their Rule 26(f) report be further adjourned to **April 15** and **April 25, 2024**, respectively. As set forth below, the elaborate process for requesting and receiving authorization

---

[1] *See* Memorandum from the Attorney General, *Policies and Procedures Governing Invocation of the State Secrets Privilege* (Sept. 23, 2009), https://www.justice.gov/sites/default/files/opa/legacy/2009/09/23/state-secret-privileges.pdf ("State Secrets Memo."); Memorandum from the Attorney General, *Supplement to Policies and Procedures Governing Invocation of the State Secrets Privilege* (Sept. 30, 2022), https://www.justice.gov/d9/pages/attachments/2022/09/30/supplement_to_policies_and_procedures_governing_invocation_of_the_state_secrets_privilege.pdf ("Supp. State Secrets Memo.").

Case 1:22-cv-06913-JGK Document 82 Filed 02/09/24 Page 2 of 6
Case 1:22-cv-06913-JGK Document 81 Filed 02/08/24 Page 2 of 6

Page 2

to defend an assertion of the State Secrets Privilege, and the weighty interests at issue in such a case, necessitate the requested extension.

*The State Secrets Privilege*

"The state secrets privilege is a common law evidentiary rule that allows the government to withhold information from discovery when disclosure would be inimical to national security." *Zuckerbraun v. Gen. Dynamics Corp.*, 935 F.2d 544, 546 (2d Cir. 1991). "[T]he Supreme Court [has] recognized this privilege and set forth standards governing its use." *Id.* (citing *United States v. Reynolds*, 345 U.S. 1, 7-11 (1953)). As a manifestation of the President's Article II powers to conduct foreign affairs and provide for the national defense, state secrets is "a privilege protected by constitutional principles of separation of powers." *In re United States*, 872 F.2d 472, 482 (D.C. Cir. 1989). "The various harms, against which protection is sought by invocation of the privilege, include impairment of the nation's defense capabilities, disclosure of intelligence-gathering methods or capabilities, and disruption of diplomatic relations with foreign governments." *Ellsberg v. Mitchell*, 709 F.2d 51, 57 (D.C. Cir. 1983) (footnote omitted). "Once properly invoked, 'the state secrets privilege is absolute. No competing public or private interest can be advanced to compel disclosure of information found to be protected by a claim of privilege." *In re Terrorist Attacks on Sept. 11, 2001*, 523 F. Supp. 3d 478, 496 (S.D.N.Y. 2021) (quoting *Ellsberg*, 709 F.2d at 57).

Among other requirements, "[t]he privilege must be claimed by the head of the department with control over the matter in question after personal consideration by that officer." *Zuckerbraun*, 935 F.2d at 546 (citing *Reynolds*, 345 U.S. at 7-8). "In some cases, the effect of an invocation of the privilege may . . . require dismissal [of the case]. Thus, if proper assertion of the privilege precludes access to evidence necessary for the plaintiff to state a prima facie claim, dismissal is appropriate. Similarly, . . . if the court determines that the privilege so hampers the defendant in establishing a valid defense that the trier is likely to reach an erroneous conclusion, then dismissal is also proper." *Id.* (citations omitted).

*The State Secrets Authorization Process*

The Attorney General has issued internal guidance on invocation of the State Secrets Privilege and the process by which the Department of Justice will evaluate whether to defend such an invocation in court. As explained, the Department of Justice will defend an agency's assertion of this privilege only when it is "necessary to protect information the unauthorized disclosure of which reasonably could be expected to cause significant harm to the national defense or foreign relations . . . of the United States." State Secrets Memo. at 1. The privilege will not be defended if it is invoked to "(i) conceal violations of the law, inefficiency, or administrative error; (ii) prevent embarrassment to a person, organization, or agency of the United States government; (iii) restrain competition; or (iv) prevent or delay the release of information the release of which would not reasonably be expected to cause significant harm to national security." *Id.* at 2.

As detailed in the Attorney General's memoranda, the process by which a federal agency requests and receives authorization to defend an assertion of the State Secrets Privilege requires

Case 1:22-cv-06913-JGK   Document 82   Filed 02/09/24   Page 3 of 6
Case 1:22-cv-06913-JGK   Document 81   Filed 02/08/24   Page 3 of 6

Page 3

consideration and approval by several actors in multiple agencies. The purpose of this multilayered and considered review is to ensure that "the United States invokes the state secrets privilege only when genuine and significant harm to national defense or foreign relations is at stake and only to the extent necessary to safeguard those interests." Supp. State Secrets Memo. at 1.

First, the relevant "department or agency head must submit to the Assistant Attorney General for the Division responsible for the litigation a formal request to defend invocation of the privilege, together with a declaration by the department or agency head based on personal consideration of the matter." *Id.* This "detailed" declaration must be made "based on personal knowledge" and must "specif[y] in detail: (i) the nature of the information that must be protected from unauthorized disclosure; (ii) the significant harm to national security that disclosure can reasonably be expected to cause; (iii) the reason why unauthorized disclosure is reasonably likely to cause such harm; and (iv) any other information relevant to the decision whether the privilege should be invoked in litigation." State Secrets Memo. at 2. Whenever the request is made by an element of the Intelligence Community, such as the CIA, and involves the agency's "intelligence activities," the agency must engage in further additional consultations "with the Director of National Intelligence with respect to the requested invocation and proposed declaration." Supp. State Secrets Memo. at 2.

The Assistant Attorney General for the relevant Department of Justice Division, here the Civil Division, must then "formally recommend in writing whether or not the Department should defend the assertion of the privilege in litigation." State Secrets Memo. at 2. The matter is then considered by a "State Secrets Review Committee consisting of senior Department of Justice officials designated by the Attorney General" that "evaluate[s] the Assistant Attorney General's recommendation to determine whether invocation of the privilege in litigation is warranted." *Id.* at 2-3. In civil cases such as this one, "the review committee's recommendation [is] made through the Associate Attorney General to the Deputy Attorney General, who . . . in turn make[s] a recommendation to the Attorney General." *Id.* at 3 n.2. The Attorney General must then personally authorize the defense of the agency's assertion of the privilege. *Id.* at 3.

In order to accommodate this multistep review, the Attorney General has directed that, absent exigent circumstances, the agency seeking authorization to defend an assertion of the privilege must provide the relevant materials to the Department of Justice "at least 40 calendar days before the date it is anticipated that the privilege must be invoked in litigation." Supp. State Secrets Memo. at 2.

*The CIA's Process for Seeking Authorization to Defend Its Assertion in This Case*

The Government's previous extension request indicated that the CIA was "consider[ing], among other things, the nature of discovery required to litigate this case, including whether the CIA Director may need to assert the State Secrets Privilege with respect to the matters in this litigation that remain after the Court's decision on the motion to dismiss." ECF No. 78 at 1. The CIA is actively engaged in preparing the requisite materials and engaging in the necessary consultations in order to formally seek authorization from the Department of Justice to defend an assertion of the State Secrets Privilege. It is currently preparing the detailed declaration that will

Case 1:22-cv-06913-JGK   Document 82   Filed 02/09/24   Page 4 of 6
Case 1:22-cv-06913-JGK   Document 81   Filed 02/08/24   Page 4 of 6

Page 4

ultimately have to be signed by the CIA Director based on his "personal knowledge." This effort, which is already underway, is itself a time-consuming process and requires consultations with, and approvals by, various offices within the CIA.

After the Court's recent decision on the Government's motion to dismiss, the sole remaining claim in this case is the plaintiffs' allegation that, at the CIA's request, the Spanish Defendants illegally downloaded the contents of the plaintiffs' electronic devices when they visited Julian Assange at the Ecuadorean Embassy in London and transmitted these materials to the CIA. *See* ECF No. 77, at 23-26 (decision); Am. Compl., ECF No. 27, ¶¶ 36(e), 38-39, 41. Any factual inquiry into these allegations—whether they are true or not—would implicate classified information, as it would require the CIA to reveal what intelligence-gathering activities it did or did not engage in, among other things.

Because the CIA cannot publicly reveal the very facts over which it is seeking authorization to assert the State Secrets Privilege, it is not able to respond to the relevant allegations in the complaint or to respond to any discovery requests pertaining to those allegations. For this reason, the Government respectfully requests a further extension of the deadlines for it to respond to the complaint and for the parties to submit a Rule 26(f) report. Given the progress that the CIA has made to date in the above-described process and discussions with the Department of Justice, the Government believes that it will be able to obtain a final decision from the Attorney General by April 15, 2024, and thus seeks to adjourn the CIA's response deadline to that date. If the assertion of the privilege is approved, the Government will on that date file a motion to dismiss the case based on the privilege rather than answering the complaint. Such a motion will necessarily entail that no discovery can take place until it is resolved.

*The Government Has Acted Properly in This Litigation*

Plaintiffs opposed the Government's previous extension request in part by arguing that the Government had, on several occasions, "defaulted" on litigation deadlines in this case and acted improperly in not raising the State Secrets Privilege as part of its motion to dismiss. ECF No. 79. Both arguments are without merit and thus should not weigh against the requested extension.

With respect to the case deadlines, the Government did not, as Plaintiffs erroneously claim, default on the deadline to respond to their original complaint. As the Government previously explained, Federal Rule of Civil Procedure 12(a)(2) gives government agencies 60 days after service to respond to a civil complaint, rather than the 21 days provided to private parties. ECF No. 23 at 1 n.1. And the Court further extended the relevant deadline before the 60-day deadline expired. *Id.* (citing ECF No. 21). Plaintiffs further complain that, instead of answering the complaint on the extended deadline, the Government submitted a pre-motion letter explaining the basis of its anticipated motion to dismiss—but Section II.B of this Court's Individual Practices requires such a letter. Finally, Plaintiffs note that the Government did not respond to the surviving allegations in their amended complaint 14 days after the Court decided the motion to dismiss, but neglect to mention that the Court set the same deadline in its dismissal order for Plaintiffs to indicate whether they wished to further amend their complaint. ECF No.

Case 1:22-cv-06913-JGK   Document 82   Filed 02/09/24   Page 5 of 6
Case 1:22-cv-06913-JGK   Document 81   Filed 02/08/24   Page 5 of 6

Page 5

77 at 27 n.6. The Government thus did not know until this deadline whether Plaintiffs' allegations were in their final form. The undersigned contacted Plaintiffs' counsel a few days later and informed him that the CIA may assert the State Secrets Privilege and requested Plaintiffs' consent for an extension of the relevant deadlines.

Plaintiffs' argument that the Government should have raised the State Secrets Privilege as part of its motion to dismiss is particularly misplaced. Due to its extraordinary nature, the State Secrets Privilege is asserted only "as an option of last resort," as the Supreme Court has instructed. *Gen. Dynamics Corp. v. United States*, 563 U.S. 478, 492 (2011). And the Attorney General has directed that the use of this privilege should be "[n]arrow[ly] [t]ailor[ed]." State Secrets Memo. at 1. When, as here, claims whose litigation might require asserting the privilege are susceptible to dismissal under Federal Rule of Civil Procedure 12(b), the Government generally pursues this first to avoid asserting the privilege when it is not necessary. A request to assert the State Secrets Privilege is also only considered by the Department of Justice once the scope of the proposed assertion is known, and thus cannot be done while other steps to narrow or dismiss the issues are pending.

Indeed, in this case, the Government moved to dismiss all of the claims against the CIA. It was only after the Court decided this motion—dismissing some, but not all, of the claims against the CIA—that the agency was in a position to evaluate the scope of the potential privilege in this case. In other words, if the CIA had tried to obtain authorization to assert the State Secrets Privilege as to all of the claims in this case while the motion to dismiss was pending, the Department of Justice would not have considered such a request to be ripe until it knew which claims, if any, survived dismissal. Further, because the State Secrets Privilege does not always require dismissal of the entire case and may be invoked more narrowly, the CIA carefully considered whether any such narrower assertion would be possible in this case following the Court's decision on the motion to dismiss. Only after that consideration did the CIA conclude that it indeed needed to seek authorization to assert the privilege over the entire surviving claim.

\* \* \*

For these reasons, the CIA respectfully requests that its response to the complaint (as narrowed by the Court's decision on its motion to dismiss)—which may be a motion to dismiss based on the State Secrets Privilege—will be due on **April 15, 2024**, and that the parties' Rule 26(f) report, if such a motion is not made, will be due on **April 25, 2024**.

Plaintiffs oppose this request and have provided the following statement of their position: "Plaintiffs' position is that Defendant's relief is precisely what it asked for weeks ago at which time the Court gave it until tomorrow to Answer. Further, Plaintiffs cannot understand how admissions, denials or the denial of knowledge—which is all a party must do in its answer to a complaint—can somehow be a disclosure of a state secret. They, therefore, oppose the request."

Case 1:22-cv-06913-JGK   Document 82   Filed 02/09/24   Page 6 of 6
Case 1:22-cv-06913-JGK   Document 81   Filed 02/08/24   Page 6 of 6

Page 6

I thank the Court for its consideration of this request.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

By:    s/Jean-David Barnea
      JEAN-DAVID BARNEA
      Assistant United States Attorney
      Telephone: (212) 637-2679
      Email: Jean-David.Barnea@usdoj.gov

cc: All parties (by ECF)