UNCLASSIFIED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARGARET RATNER KUNSTLER, DEBORAH HRBEK, JOHN GOETZ and CHARLES GLASS,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY, MICHAEL R. POMPEO, DAVID MORALES GUILLEN and UNDERCOVER GLOBAL S.L.,<br><br>Defendants. | 22-cv-6912 (JGK) |

**DECLARATION OF WILLIAM J. BURNS
DIRECTOR, CENTRAL INTELLIGENCE AGENCY**

I, WILLIAM J. BURNS, hereby declare and state:

**I.   INTRODUCTION**

1.   I am the Director of the Central Intelligence Agency ("CIA" or "Agency"). In my capacity as Director, I lead the CIA and manage human intelligence, covert operations, counterintelligence, liaison relationships with foreign intelligence services, and open-source collection programs on behalf of the United States Government. I have held this office since March 23, 2021.

2.   Before becoming Director, I spent thirty-three years working as a career diplomat in the State Department U.S. Foreign Service. Most recently, I served as Deputy Secretary of

UNCLASSIFIED

UNCLASSIFIED

State from 2011 to 2014. Prior to that, I served as Under Secretary of State for Political Affairs from 2008 to 2011, U.S. Ambassador to Russia from 2005 to 2008, Assistant Secretary of State for Near Eastern Affairs from 2001 to 2005, and U.S. Ambassador to Jordan from 1998 to 2001. I was also Executive Secretary of the State Department and Special Assistant to former Secretaries of State Warren Christopher and Madeleine Albright, Minister-Counselor for Political Affairs at the U.S. Embassy in Moscow, Acting Director and Principal Deputy Director of the State Department's Policy Planning Staff, and Special Assistant to the President and Senior Director for Near East and South Asian Affairs at the National Security Council.

3. Between my retirement from the State Department and becoming the Director of the CIA, I served as president of the Carnegie Endowment for International Peace. Prior to my professional career, I earned a bachelor's degree in history from LaSalle University and master's and doctoral degrees in international relations from Oxford University as a Marshall Scholar.

4. I serve as the Director of the CIA pursuant to the National Security Act of 1947, as amended by Section 1011 of the Intelligence Reform and Terrorism Prevention Act of 2004. 50 U.S.C. § 3036. As Director, I lead the Agency in its mission to: (1) collect intelligence through human sources and by other

appropriate means; (2) correlate and evaluate intelligence related to national security and provide appropriate dissemination of such intelligence; (3) provide overall direction for, and coordination of, the collection of national intelligence outside the United States through human sources and, in coordination with other elements of the United States Government, ensure that the most effective use is made of authorized collection resources while taking appropriate account of the risks to the United States and those involved in such collection; and (4) perform such other functions and duties related to intelligence affecting the national security as the President or the Director of National Intelligence ("DNI") may direct. See 50 U.S.C. § 3036(d)(1)-(4). A more detailed statement of these authorities is set forth in sections 1.6 and 1.7 of Executive Order ("E.O.") 12333, as amended.

5. As the Director of the CIA, I also possess original classification authority pursuant to section 1.3(a) of E.O. 13526. 75 Fed. Reg. 707 (Jan. 5, 2010). E.O. 13526 authorizes me to assess the current, proper classification of all CIA information, up to and including TOP SECRET information, based on the classification criteria of E.O. 13526 and applicable regulations. I am also authorized to make original classification and declassification decisions regarding all CIA information.

6. In the course of my official duties, I have become familiar with this litigation against the CIA and the information described in this declaration. I understand that plaintiffs allege in an Amended Complaint that the CIA, acting through co-defendants David Morales Guillen ("Guillen") and Undercover Global, S.L. ("UC Global"), violated the Fourth Amendment rights of plaintiffs by copying the contents of their electronic devices (specifically, their cell phones) during their visits between January 2017 and March 2018 to Julian Assange while he lived as an asylee at the Ecuadorian Embassy in London, England. I have reviewed the Amended Complaint filed by plaintiffs; the initial Motion to Dismiss filed by the Department of Justice ("DOJ") on behalf of the CIA and former CIA Director Michael Pompeo, and associated briefing; and this Court's Memorandum Opinion and Order dated December 19, 2023.

7. I make the following statements based upon my personal knowledge and information made available to me in my official capacity. Although informed by my knowledge of CIA's intelligence interests and equities, my professional experience, and the advice of other Intelligence Community personnel, the judgments expressed in this declaration are my own.

II. **PURPOSE OF THIS DECLARATION**

8. With this declaration, I formally assert the state secrets privilege as the head of the CIA and after personal

consideration of the matter. I also hereby assert and claim the CIA's statutory privileges under the National Security Act of 1947 and the Central Intelligence Agency Act of 1949 ("the CIA Act") to protect intelligence sources, methods, and activities at issue in this litigation. See 50 U.S.C. §§ 3024(i), 3507. Section 102A(i)(1) of the National Security Act provides that the DNI "shall protect intelligence sources and methods from unauthorized disclosure." 50 U.S.C. § 3024(i)(1). In accordance with guidance from the DNI, and consistent with Section 1.6(d) of E.O. 12333, the CIA is required to protect intelligence and intelligence sources, methods, and activities from unauthorized disclosures. In addition, section 6 of the CIA Act provides that the CIA shall be exempted from the provisions of any other laws that require the publication or disclosure of the organization, functions, names, official titles, salaries, or numbers of personnel employed by the CIA. 50 U.S.C. § 3507.

9. I am asserting the state secrets and statutory privileges in this case as I have determined that either admitting or denying that CIA has information implicated by the remaining allegations in the Amended Complaint reasonably could be expected to cause serious – and in some cases, exceptionally grave – damage to the national security of the United States. After deliberation and personal consideration, I have determined that the complete factual bases for my privilege assertions

cannot be set forth on the public record without confirming or denying whether CIA has information relating to this matter and therefore risking the very harm to U.S. national security that I seek to protect.

### III. INFORMATION SUBJECT TO PRIVILEGES AND HARM OF DISCLOSURE

10. My state secrets and statutory privilege assertion in this case encompasses withholding from public disclosure either confirmation or denial that CIA has any information, to include information relating to classified sources, methods, interests or activities, that may relate to the plaintiffs' remaining allegations.

11. I have separately submitted a classified *in camera*, *ex parte* declaration for the Court's review that more fully defines the scope of information herein described and explains the harm to national security that reasonably could be expected to result from the unauthorized disclosure of such classified information.

12. I do not assert the state secrets privilege lightly, nor do I assert the privilege to conceal violations of law, inefficiency, or administrative error; to prevent embarrassment to a person, organization, or agency; or to prevent or delay the release of information that does not require protection in the interest of national security. Rather, I assert the state secrets and statutory privileges to protect and preserve vital, classified intelligence information.

## IV. CONCLUSION

13. In sum, I am asserting the state secrets and statutory privileges as described herein.

14. It is my belief that this declaration, in combination with the accompanying classified in camera, ex parte declaration, adequately explains why this case risks the disclosure of classified and privileged intelligence information that reasonably could be expected to cause serious – and in some cases, exceptionally grave – damage to the national security of the United States. I therefore respectfully request that the Court take all necessary steps to protect the classified national security information implicated by this litigation, including whether or not the CIA possesses any material relevant to this litigation. Should the Court require additional information concerning my claims of privilege, I respectfully request an opportunity to provide such additional information prior to the entry of any ruling regarding those claims.

UNCLASSIFIED

\*\*\*

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 27 day of March, 2024.

_____
William J. Burns
Director
Central Intelligence Agency