

March 21, 2025

**BY ECF**
Hon. John G. Koeltl
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:     ***Kunstler et al. v. Central Intelligence Agency et al.*, No. 22 Civ. 6913 (JGK)**

Dear Judge Koeltl:

      Pursuant to the Court's orders of February 15 and 25, ECF Nos. 95, 97, the parties hereby are jointly providing their respective positions on "the effect of Court's dismissal" of the claims against the Central Intelligence Agency ("CIA") and former CIA Director Michael R. Pompeo on the claims against "the two defaulting defendants." ECF No. 95.

**Procedural History**

      On July 14, 2023, the Clerk of the Court entered a Certificate of Default due to UC Global's failure to Answer or otherwise move with respect to the complaint. Dkt. 50. On the same date plaintiffs' counsel filed a declaration requesting that a Default Judgment issue. Dkt 53. The application was accompanied by a Memorandum of Law. Dkt.54   Also on the same date this Court issued an Order to Show Cause ordering that defendant UC Global show cause by July 28, 2023, why a default judgment should not be entered. Dkt. 56. UC Global was duly served. Dkt. 57 and Dkt. 69. To date, defendant UC Global has failed to respond to this Court's Order.

      Likewise, on August 10, 2023 the Clerk of the Court entered a Certificate of Default due to defendant Morales' failure to Answer or otherwise move with respect to the complaint. Dkt, 62. On the same date, plaintiffs filed a declaration requesting that a Default Judgment issue. Dkt 64. It was accompanied by a Memorandum of Law. Dkt. 65. On August 11, 2023, this Court issued an Order to Show Cause requiring that Morales show cause by September 1, 2023, why a default judgement should not issue. Dkt, 67. Morales was duly served with that order. Dkt. 68 and Dkt. 69. To date, Morales has failed to respond to this Court's order.

### The Government's Position

In the Government's view, the remaining claims against the Spanish defendants should be dismissed.  Although the Spanish defendants have not responded to the complaint in this case, plaintiffs would be entitled to entry of a default judgment against those defendants only after the Court has considered "whether [plaintiffs'] allegations constitute a valid cause of action." *Henry v. Oluwole*, 108 F.4th 45, 55 (2d Cir. 2024) (internal quotation marks omitted).  Plaintiffs' allegations against the Spanish defendants do not state a valid cause of action for several reasons.[1]

First and foremost, plaintiffs' allegations against the Spanish defendants do not constitute a valid cause of action because they are predicated on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 402 U.S. 388 (1971).  Plaintiffs' sole cause of action against the Spanish defendants alleges that, "[b]y authorizing and implementing unlawful surveillance techniques, Defendants UC Global, Morales Guillen and Pompeo violated Plaintiffs' right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment under the color of federal law, which is actionable pursuant to *Bivens*."  Am. Compl. (ECF No. 27) ¶ 55.  But private parties—even those alleged to be acting in concert with government authorities— cannot be sued under *Bivens*, which affords a cause of action against only individual federal employees.  *See Minneci v. Pollard*, 565 U.S. 118 (2012) (no *Bivens* claim against employees of privately operated federal prison); *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61 (2001) (no *Bivens* claim against private corporation operating federal halfway house); Gov't Mot. to Dismiss (ECF No. 35) at 26 n.9.  And even if a *Bivens* claim could be asserted against a private party, the Court has already dismissed the *Bivens* claim against Pompeo for failure to state a claim.  *See* ECF No. 77 at 9-13 (citing *Egbert v. Boule*, 142 S. Ct. 1793 (2022); *Hernandez v. Mesa*, 140 S. Ct. 735, 749 (2020)).  Any *Bivens* claim against the Spanish defendants would be subject to dismissal for the same reasons as the claim against Pompeo.

Separate and apart from the *Bivens* issue, plaintiffs' claims against the Spanish defendants factually mirror those against the government defendants and are subject to dismissal for substantially the same reasons.  The Court previously dismissed plaintiffs' claims against the CIA relating to all conduct alleged in the Amended Complaint other than the alleged copying of the contents of their electronic devices because those allegations did not make out a Fourth Amendment violation.  *Id.* at 17-23.  Plaintiffs' allegations against the Spanish defendants based upon their alleged role in the same alleged conduct similarly fail to state a Fourth Amendment claim.

---

[1] Contrary to plaintiffs' suggestion below, standing is not at issue because the government is not (at this time) moving to dismiss the claims against the Spanish defendants.  Rather, at the Court's direction, the government is providing its views as to the deficiencies in those claims that should lead the Court not to award a default judgment.  Moreover, plaintiffs incorrectly characterize the Government as having "denie[d]" facts that it stated it could not confirm or deny in light of the state secrets privilege.

Finally, any remaining claim alleging that the Spanish defendants supposedly collaborated with the CIA to copy the contents of plaintiffs' electronic devices is subject to dismissal for the same reasons that the Court dismissed the parallel claim against the CIA.  ECF No. 94 at 6-15.  Having sustained the former CIA Director's assertion of the state secrets privilege, the Court concluded that "there is no feasible way to segregate nonprivileged information in this case," as "[t]he subject matter of this litigation—whether or not the CIA engaged in the conduct alleged in the plaintiffs' remaining claim—is subject to the state secrets privilege in its entirety." *Id.* at 15.  Plaintiffs' remaining claim against the Spanish defendants is premised upon the same factual allegations, including that the Spanish defendants' alleged actions were undertaken at the CIA's behest.  There is no feasible way to segregate nonprivileged information and, without access to information that the Court has held is subject to the state secrets privilege, the Court would not be able to determine, one way or the other, whether plaintiffs' allegations against the Spanish defendants "constitute a valid cause of action." *Henry*, 108 F.4th at 55; *cf.*, *e.g.*, *Sakab Saudi Holding Co. v. Aljabri*, 58 F.4th 585, 597 (1st Cir. 2023) (affirming dismissal of claims brought by private plaintiff against private defendants based on state secrets privilege, because "the privileged information [wa]s so central to this case that any attempt to proceed with litigation of the suit would unduly risk disclosure and thereby compromise our national security"); *Terkel v. AT&T Corp.*, 441 F. Supp. 2d 899, 917 (N.D. Ill. 2006) (dismissing claims by private plaintiffs against private defendants where state secrets privilege precluded access to information that would confirm or refute plaintiffs' allegations that defendant provided plaintiffs' communications records to National Security Agency).

The Court should thus dismiss the remaining claims against the Spanish defendants.

## **Plaintiffs' Position**

Plaintiffs request that this Court enter a default judgment against UC Global and Morales and order a hearing limited to the issue of damages for the following reasons.

UC Global and Morales are in default and a default judgment should issue. As the Second Circuit has recently reiterated "a default is an admission of all well-pleaded allegations against the defaulting party." *Henry v. Oluwole*, 108 F.3d 45, 55 (2d Cir. 2014), citing *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.* 373 F.3d 241, 246 (2d Cir. 2004) and 10A Wright, Miller & Kane, Federal Practice and Procedure, § 2688.1 (4th Ed.) ("If the court determines that defendant is in default, the factual allegations in the complaint, except those relating to the amount of damages, will be taken as true." *See also Au Bon Pain Corp. v. Artect, Inc.* 653 F.2d 61 (2d Cit. 1981). *Geddes v. United Financial Corp.* 559 F.2d 557 (9th Cir. 1977). This includes all reasonable inferences from those facts. *Id*.

While a district court retains the discretion to require proof of necessary facts, *Aun Bon Pain* at 65, a default judgment should be entered so long as the well-pleaded facts and the inferences derived therefrom show that the non-defaulting party is entitled to relief as a matter of law. (*Id*. citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

295 Madison Avenue, Floor 22 • New York, NY 10017 • p: (212) 542-8882 • f: (212) 542-8883 www.rrothlaw.com

The government now argues that the case against the Spanish defendants should be dismissed on several grounds. Their objection should not be entertained by the Court because the government neglected to file any responsive papers to the Orders to Show Cause prior to their 2023 return dates or at any time prior to the issuance of this joint letter.

Even if the Court deems the government's current opposition timely, the defendant CIA lacks standing to make a motion on behalf of other defendants, i.e. UC Global and Morales. *Kuklachev v. Gelfman*, 600 F.Supp.2d 437, 455 (E.D.N.Y. 2009, citing *Ashcroft v. Dep,'t Corr.*, 2007 U.S. Lexis 49079 at *24-26 (W.D.N.Y. 2007).

Assuming *arguendo* that the government has standing to raise the state secrets issue, dismissal is still not warranted. Once this Court enters a default judgment, the facts alleged in the complaint are accepted as true. *Au Bon Pain Corp. v. Artect*, *supra.* Thus, there would be no need for disclosure of purported states secrets. Should this Court find that there needs to be additional facts before a default judgment issues, plaintiffs are prepared to present to this court the facts adduced at the criminal proceedings in Spain, all of which are in the public record. See Memorandum of Law in Opposition to Defendant CIA's Motion to Dismiss Dkt. 91 Exhibits 1-4.

The government cannot on the one hand assert that it cannot be held responsible for the patently unlawful actions of the private defendants, with whom the government denies any association, and on the other hand argue that the Spanish defendants should benefit from the state secrets privilege. Co-conspirators can be held liable for their illegal behavior even when the other party to the conspiracy is able to assert a defense such as legal incompetence, or benefit from a privilege uniquely available to their alleged co-conspirator – here, the states secrets privilege claimed by the United States government. *US v. Price,* 383 U.S. 787 (1966); *US v. Guest,* 383 U.S. 787 (1966).

Given the foregoing and as argued in plaintiffs' prior memoranda of law, this Court should issue a default judgment against defendants UC Global and Morales.

* * *

We thank the Court for its consideration of this letter.

Respectfully submitted,

Richard A. Roth, Esq.

cc:    All parties (by ECF)